## Maryland Casualty Co. v. Seven Valleys Borough

*Ralph F. Fisher*, for plaintiff.

*Spencer D. Wareheim*, for defendant.

SHERWOOD, J., February 19, 1938.—This matter is before the court on an agreement of facts in the form of a case stated. Suit was originally instituted by plaintiff against the municipal corporation for the collection of workmen's compensation insurance premiums on a policy

of insurance issued by plaintiff for the protection of defendant's employes, covering a period from May 17, 1932, to October 7, 1933. Plaintiff's contention is that by statutory enactment it was bound to cover all employes of the borough under its policy, and that neither its agent nor defendant could waive this liability; that the word "employe" includes all members of volunteer fire companies in boroughs and consequently it is entitled to recover the premium therefor. Defendant's contention is that plaintiff's agent verbally informed defendant that the members of the volunteer fire company of the municipality were excluded from the terms of the policy and that the borough would not be liable for any premiums which might be assessed against said borough under the policy by reason of there being a volunteer fire company in the borough. In addition, the borough contends that in and by the terms of the policy, under the subject of classification of operators, members of volunteer fire companies were excluded from the terms of the policy and that, therefore, there is no liability upon the borough. We agree with plaintiff's contention.

Under the Act of April 26, 1929, P. L. 829, amending section 305 of The Workmen's Compensation Act of June 2, 1915, it is the duty of an employer to insure its employes in the State Workmen's Insurance Fund or some authorized insurance company or association, unless specially exempted therefrom. Failure of the employer to comply with the act is made a misdemeanor, punishable as therein provided. The Insurance Company Law of May 17, 1921, P. L. 682, relating to workmen's compensation insurance, provides:

"Section 651. *Policy Provisions.*—Every policy of insurance against liability under "The Workmen's Compensation Act of nineteen hundred and fifteen", and acts amendatory thereof, shall contain the agreement of the insurer to pay all compensation . . . for which the insured employer may become liable under the act during the term of such insurance . . . Such agreement shall be

construed to be a direct promise to the injured employe
. . . and shall be enforceable by action brought in the
name of such injured employe or in the name of such
dependents." The same act further provides:

"Section 653. *Prohibited Policy Provisions.*—No policy
of insurance against liability under "The Workmen's
Compensation Act of nineteen hundred and fifteen", or
acts amendatory thereof, shall contain any limitation of
the liability of the insurer to an amount less than that for
which the insured employer may become liable under the
act during the term of such insurance", and the Act of
May 14, 1925, P. L. 714, defines the word "employe" to
include all members of volunteer fire companies of bor-
oughs, etc.

By statutory enactment there can be no limitation of
liability of the insurer to an amount less than that which
the employer may become liable to pay. Therefore, the
verbal information given to the borough by plaintiff's
agent was not binding to effect a limitation on the liabil-
ity of the insurer.

Under the classification clause, wherein the basic rate
of insurance is shown, appears the notation, "Cities,
Towns and Boroughs—all employees excluding all sewer
construction, volunteer fire companies, inspectors, cler-
ical office which must be separately rated." This language
does not exclude volunteer firemen from the protection of
the policy. Viewing the policy as a whole and giving effect
to all of its parts and keeping in mind the statutory pro-
hibition against limitation, we conclude that the language
used was an exception to the base rate or charge for vol-
unteer firemen of the borough and not an exclusion from
the benefit of the policy. All of the borough employes were
protected under plaintiff's policy and the borough must
pay the premiums.

And now, to wit, February 19, 1938, in accordance with
the agreement of the parties in the case stated, it is
ordered and decreed that judgment be entered in favor

of Maryland Casualty Company, plaintiff, and against the Borough of Seven Valleys, defendant, in the sum of $120.93, with interest from October 7, 1933, and costs of suit.